IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DONALD R. LARTIGUE | § | |
| VS. | § | CIVIL ACTION NO.   1:04-CV-182 |
| BECKY LOFTON, ET AL. | § | |

<u>MEMORANDUM OPINION</u>

Plaintiff Donald R. Lartigue, a prisoner currently confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Becky Lofton and Jacqueline Renee Schaver.[1]  The defendants were employed at the Jefferson County Correctional Facility, where plaintiff was previously confined.

<u>Factual Background</u>

On April 3, 2003, plaintiff alleges he broke two knuckles on his left hand in a malfunctioning door at the Jefferson County Correctional Facility.  Approximately six hours later, plaintiff contends he saw a physician who ordered pain medication and ice packs.

Plaintiff contends defendant Lofton mistakenly gave plaintiff another inmate's medication instead of the pain medication he was prescribed.  Plaintiff contends the medication caused allergic reactions, nausea, nervousness, and loss of sleep and appetite.  When plaintiff complained of the side effects, defendant Lofton responded that the pain medication can cause the side effects.

---

[1]        The Jefferson County Correctional Facility was identified as a defendant in the original complaint, but was dismissed from the lawsuit on December 20, 2005.

Plaintiff alleges defendant Schaver improperly wrapped his hand, causing him additional pain.  Plaintiff also contends defendant Schaver refused to bring ice packs to plaintiff's cell.  Plaintiff alleges correctional officers went to the infirmary to exchange the ice packs.

### Motion to Dismiss

Defendant Schaver has moved to dismiss the complaint for failure to state a claim upon which relief may be granted.[2]

### Standard of Review

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim.  *Id.*

### Analysis

Because there is no significant distinction between pretrial detainees and convicted prisoners concerning medical care, the same standard applies to the constitutional claims of both categories of prisoners.  *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).  "When the alleged unconstitutional conduct involves an episodic act or omission, the

---

[2]        Defendant Lofton is deceased and, thus, did not file a motion to dismiss.  However, the court may *sua sponte* dismiss an action if it fails to state a claim upon which relief may be granted.  *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883 (5th Cir. 1989); *Shawnee International v. Hondo Drilling Co.*, 742 F.2d 234 (5th Cir. 1984).

question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." *Id*.

The deliberate indifference standard is a subjective inquiry; plaintiff must establish that the defendant was aware of an excessive risk to the plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 840-41 (1994); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Demonstrating that the defendant was negligent or failed to act reasonably is not enough to show a constitutional violation. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). Plaintiff must show that the defendant had a subjective intent to cause harm. *Id.*

Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). An inmate's disagreement with his medical treatment does not support a claim under Section 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Accepting his allegations as true, plaintiff has not shown that the defendants were deliberately indifferent to his serious medical needs. Plaintiff did not suffer any harm from defendant Schaver's refusal to deliver ice packs to his cell, because correctional officers retrieved the ice packs for him. At most, plaintiff's allegations of medication mix-ups and an improperly applied splint amount to negligence, which is not actionable under Section 1983. Therefore, plaintiff has failed to state a claim upon which relief may be granted.

## Conclusion

Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the defendant's motion to dismiss should be granted and the case should be dismissed for failure to state

a claim upon which relief may be granted.  A final judgment shall be entered in accordance with this

memorandum opinion.

     **SIGNED** this the 22 day of **August, 2006.**


Thad Heartfield
United States District Judge